
FILED
FEB 19 1997
DAVID W. DANIEL, CLERK
U.S. DISTRICT COURT
E. DIST. NO. CAR.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:95-CV-600-BO3

VON BURKS, BEVERLY GLENN, WILLIE )
RUTH MCNEILL, and CHUCKIE REEDER, )
)
    Plaintiffs, )
)
v. )      DEFAULT JUDGMENT
)
JOHN MILLER, JR., VICTORIA BANKS, )
YVONNE COLE and WADE COLE )
)
    Defendants. )
)

    This matter is before the court on motion by the plaintiffs, made in open court before the undersigned on January 30, 1997, for judgment by default and for attorneys fees and costs under Fed. R. Civ. P. Rule 37(d). For the reasons set forth below, plaintiffs' motion is hereby GRANTED.

    Plaintiffs filed their complaint on July 13, 1995, alleging that they are migrant farmworkers who were jointly employed by defendants John Miller, Jr. and Victoria Banks in or around Four Oaks, Johnston County, North Carolina during July and August of 1993. Plaintiffs alleged that they were recruited by defendant Miller and his agents in Florida and transported to North Carolina by defendant Miller and his agent, and by defendant Banks. In North Carolina, the plaintiffs alleged that they were provided with substandard housing owned or controlled by defendants Wade Cole and Yvonne Cole.

    Plaintiffs alleged that they did not receive minimum wage for all of the hours they worked for defendants John Miller, Jr. and Victoria Banks, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section. 201 et seq., that defendants failed to report and remit FICA taxes on



plaintiffs' wages to the appropriate government entities and that defendants Miller and Banks engaged in farm labor contracting activities without being properly licensed and insured under the Migrant and Seasonal Agricultural Worker Protection Act (MSAWPA), 29 U.S.C. Section 1801 et seq. and that defendants' housing, payroll, and hiring practices all violated the MSAWPA extensively.

As to defendants Wade and Yvonne Cole, plaintiff's alleged that defendants failed to have the housing inspected and permitted for use by migrant agricultural workers, in violation of both federal and state law. Plaintiff's detailed in their complaint the manner in which these housing facilities were substandard and unsafe. This housing, located at Harper House Road, in Johnston County, North Carolina, was neither inspected nor permitted to house migrant agricultural workers in 1993 nor was it in compliance with the applicable substantive Federal and State safety and health standards. None of the defendants obtained the appropriate certification by either a State or local health authority or other appropriate agency prior to or during the occupancy by any migrant agricultural worker of the Harper House Road property. Defendants also failed to post a copy of the certification of occupancy or other terms and conditions of occupancy of this housing.

Plaintiffs sought actual and liquidated damages under the FLSA and statutory damages under the MSAWPA, as well as declaratory and injunctive relief under the MSAWPA requiring the defendants Miller and Banks to report and remit to the Internal Revenue Service the Federal Insurance Contribution Act (FICA) deductions they made from plaintiffs' earnings and the required equal employer's share.

This Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. Sections 1337, 1331, and 1854(a).

Defendant Miller was personally served with a copy of the summons and complaint on October 24, 1995. Defendant Miller failed to answer or otherwise plead, and his default was entered on November 27, 1995.

Defendant Banks was also personally served on October 24, 1995. Defendant's answer was due on November 13, 1995. Default was entered against defendant Victoria Banks on December 5, 1995. Defendant Banks moved to set aside the default by motion filed December 26, 1995, which motion was denied by order of this court dated March 13, 1996.

Defendants Yvonne and Wade Cole were personally served with copies of the summons and complaint on August 8, 1995. Defendants Wade and Yvonne Cole filed verified answers on August 29, 1995 admitting that they owned the Harper House Road property which is the subject of plaintiffs' complaint. Attorney James Ethridge of Smithfield, Johnston County, North Carolina appeared as defendant's attorney. Plaintiffs served certain discovery requests upon defendants through Mr. Ethridge on September 29, 1995. Defendants neither responded to this discovery nor filed objections with the court. Defendant Yvonne Cole failed to appear for her deposition. Defendant Wade Cole appeared but failed to identify himself or answer questions. As a result, plaintiffs moved to compel defendants to make discovery, and were ordered by this court on May 13, 1996 to do so. Plaintiffs again noticed defendant's depositions, and again defendants failed to make discovery as ordered by this court. Plaintiffs then moved for an order to show cause pursuant to 18 U.S.C. section 401(3). By order of this court filed January 10, 1997, defendants were notified that judgment would be entered against them for the relief requested by the plaintiffs

if they did not appear and show cause why judgment should not be entered against them. The hearing on plaintiffs motion was scheduled for January 30, 1997. Defendants did not appear, and plaintiff's moved for and were granted judgment on all claims as requested in their complaint.

By operation of Rule 8(d) Fed. Rules of Civ. P., the allegations of plaintiffs complaint are to be taken as true. Thus, by failing to answer plaintiff's complaint, defendants Miller and Banks have effectively admitted violating the MSAWPA and the FLSA as alleged by the plaintiffs. Therefore, the court enters judgment for the plaintiffs as to each claim as alleged in their complaint by finding as follows:

That John Miller, Jr. intentionally violated the MSAWPA by:

1) engaging in farm labor contracting activities without a certificate of registration, in violation of 29 U.S.C. Section 1811(a);

2) knowingly providing false or misleading information to migrant agricultural workers concerning the terms, conditions, or existence of agricultural employment, in violation 29 U.S.C. Section 1821(f);

3) failing to ascertain and disclose to plaintiffs in writing the information concerning wages and working conditions required by 29 U.S.C. Section 1821(a);

4) employing or using individuals who were not properly registered and authorized to perform farm labor contracting activities with respect to the plaintiffs, in violation of 29 U.S.C. Section 1811(b);

5) utilizing the services of drivers who were not licensed to transport workers, in violation of 29 U.S.C. Section 1842.

4

Case 5:95-cv-00600-BO    Document 30    Filed 02/19/97    Page 4 of 10

6) violating without justification the terms of the working arrangements made with plaintiffs, by, inter alia, failing to deduct Social Security (FICA) taxes from plaintiffs' wages and failing to properly report their earnings and remit the requisite taxes to the Internal Revenue Service, in violation of 29 U.S.C. Section 1822(c);

7) failing to make, keep and preserve the payroll records required by 29 U.S.C. Section 1821(d)(1) with respect to the plaintiffs;

8) failing to provide to each of the plaintiffs, for each pay period, an accurate, itemized written statement of their wages as required by 29 U.S.C. Section 1821(d)(2);

9) failing to pay to the plaintiffs the wages owed when due, in violation of 29 U.S.C. Section 1822(a).

10) failing to ensure that defendants Wade Cole and Yvonne Cole were authorized to house migrant agricultural workers at the property located at Harper House Road, violation of 29 U.S.C. Section 1842.

11) failing to ensure that the housing owned or controlled by defendants Wade Cole and Yvonne Cole and used to house the plaintiffs in North Carolina in 1993 complied with all applicable State and Federal safety and health standards, in violation of 29 U.S.C. Section 1823(a);

12) allowing the plaintiffs to occupy the housing owned or controlled by defendants Wade Cole and Yvonne Cole without first having the housing inspected and certified by the North Carolina Department of Labor as required by 29 U.S.C. Section 1823(b);

13) failing to post the terms and conditions of occupancy of the housing, in violation of 29 U.S.C. Section 1821(c);

14) failing to post in a conspicuous place a statement of the rights of migrant agricultural workers under the MSAWPA as required by 29 U.S.C. Section 1821(b); and

15) violating without justification the terms of the working arrangements made with plaintiffs by failing to provide appropriate field sanitation facilities, in violation of 29 U.S.C. Section 1822(c).

That Victoria Banks intentionally violated the MSAWPA by:

1) engaging in farm labor contracting activities without having a certificate of registration, in violation of 29 U.S.C. Section 1811(a);

2) employing or using individuals who were not properly registered and authorized to perform farm labor contracting activities with respect to the plaintiffs, in violation of 29 U.S.C. Section 1811(b);

3) violating without justification the terms of the working arrangements made with plaintiffs, by, inter alia, failing to deduct Social Security (FICA) taxes from plaintiffs' wages and failing to properly report their earnings and remit the requisite taxes to the Internal Revenue Service, in violation of 29 U.S.C. Section 1822(c);

4) failing to make, keep and preserve the payroll records required by 29 U.S.C. Section 1821(d)(1) with respect to the plaintiffs;

5) failing to provide to each of the plaintiffs, for each pay period, an accurate, itemized written statement of their wages as required by 29 U.S.C. Section 1821(d)(2);

6) failing to pay to the plaintiffs the wages owed when due, in violation of 29 U.S.C. Section 1822(a).

7) failing to ensure that defendants Wade Cole and Yvonne Cole were authorized to house migrant agricultural workers at the property located at Harper House Road, in violation of 29 U.S.C. Section 1842.

8) failing to ensure that the housing owned or controlled by defendants Wade Cole and Yvonne Cole and used to house the plaintiffs in North Carolina in 1993 complied with all applicable State and Federal safety and health standards, in violation of 29 U.S.C. Section 1823(a);

9) allowing the plaintiffs to occupy the housing owned or controlled by defendants Wade Cole and Yvonne Cole without first having the housing inspected and certified by the North Carolina Department of Labor as required by 29 U.S.C. Section 1823(b);

10) failing to post the terms and conditions of occupancy of the housing, in violation of 29 U.S.C. Section 1821(c);

11) failing to post in a conspicuous place a statement of the rights of migrant agricultural workers under the MSAWPA as required by 29 U.S.C. Section 1821(b); and

12) violating without justification the terms of the working arrangements made with the plaintiffs by failing to provide appropriate field sanitation facilities, in violation of 29 U.S.C. Section 1822(c).

Defendants Wade Cole and Yvonne Cole admitted that they owned the Harper House Road property which is the subject of plaintiff's housing violation complaints. Defendants denied generally that they violated the MSAWPA in any way. However, with respect to the housing inspection and occupancy provisions of MSAWPA section 1823, defendants admission of ownership of the property is enough upon which to base liability under the MSAWPA if the

allegations of the complaint are true as to conditions and failure to have the property inspected before occupancy. Because defendants have failed to make discovery, and the court has entered judgment by default to plaintiffs, the allegations of the plaintiffs' complaint are to be taken as true.

Therefore, the court enters judgment for the plaintiffs as to each claim as alleged in their complaint by finding as follows:

That defendant Wade Cole intentionally violated the MSAWPA by:

1) failing to ensure that the property located at Harper House Road complied with all applicable State and Federal safety and health standards before allowing it to be used as housing for migrant agricultural workers, in violation of 29 U.S.C. Section 1823(a);

2) allowing the housing located at Harper House Road to be occupied by migrant agricultural workers without first having it inspected and certified by the North Carolina Department of Labor as required by 29 U.S.C. Section 1823(b); and

3) failing to post the terms and conditions of occupancy of the Harper House Road property, in violation of 29 U.S.C. Section 1821(c).

That defendant Yvonne Cole intentionally violated the MSAWPA by:

1) failing to ensure that the property located at Harper House Road complied with all applicable State and Federal safety and health standards before allowing it to be used as housing for migrant agricultural workers, in violation of 29 U.S.C. Section 1823(a);

2) allowing the housing located at Harper House Road to be occupied by migrant agricultural workers without first having it inspected and certified by the North Carolina Department of Labor as required by 29 U.S.C. Section 1823(b); and

3) failing to post the terms and conditions of occupancy of the Harper House Road property, in violation of 29 U.S.C. Section 1821(c).

The plaintiffs have requested that the court award the statutory maximum of $500 to each of them for each of the above violations of the MSAWPA. Because defendants have failed to defend or to show cause why such a course is not indicated by their conduct in this matter, the court awards each of the plaintiffs $500 for each violation of the MSAWPA detailed above, as follows:

To Plaintiff Von Burks, against John Miller, $500 for each of fifteen (15) violations of the MSAWPA, $7500.00; against Victoria Banks, $500 for each of twelve (12) violations of the MSAWPA, $6000.00; against Wade Cole, $500 for each of three (3) violations of the MSAWPA, $1500.00 and against Yvonne Cole, $500 for each of three (3) violations of the MSAWPA, $1500.

To Plaintiff Beverly Glenn against John Miller, $500 for each of fifteen (15) violations of the MSAWPA, $7500.00; against Victoria Banks, $500 for each of twelve (12) violations of the MSAWPA, $6000.00; against Wade Cole, $500 for each of three (3) violations of the MSAWPA, $1500.00 and against Yvonne Cole, $500 for each of three (3) violations of the MSAWPA, $1500.

To Plaintiff Willie Ruth McNeill against John Miller, $500 for each of fifteen (15) violations of the MSAWPA, $7500.00; against Victoria Banks, $500 for each of twelve (12) violations of the MSAWPA, $6000.00; against Wade Cole, $500 for each of three (3) violations of the MSAWPA, $1500.00 and against Yvonne Cole, $500 for each of three (3) violations of the MSAWPA, $1500.

To Plaintiff Chuckie Reeder against John Miller, $500 for each of fifteen (15) violations of the MSAWPA, $7500.00; against Victoria Banks, $500 for each of twelve (12) violations of the MSAWPA, $6000.00; against Wade Cole, $500 for each of three (3) violations of the MSAWPA, $1500.00 and against Yvonne Cole, $500 for each of three (3) violations of the MSAWPA, $1500.

Plaintiffs have also requested pursuant to Fed. Rule Civ. P. Rule 37(d) that the court award them attorneys fees and costs associated with the Cole defendants' failures to make discovery in this matter. The Court has considered plaintiff's attorneys fee petition, and finds that it is just and reasonable to award plaintiffs attorneys fees in the amount requested. Therefore, the court orders defendants Wade Cole and Yvonne Cole to pay to plaintiffs' attorney, the amount of $4700.00.

This order disposes of all of the outstanding issues in this matter.

So ordered.

This the 15th day of February, 1997.

Terrance Boyle, United States District Judge